Case 2:23-cv-00341   Document 15   Filed 04/23/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTINA KELLY, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00341 |
| § | |
| YANCI SABIN, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

## ORDER APPROVING SETTLEMENT AGREEMENT AS IT RELATES TO THE MINOR A.K.

Before the Court is attorney ad litem Liana E. Gonzales's report recommending that the Court approve the settlement agreement in this case as it relates to the minor A.K. (D.E. 14). For the reasons below, the Court **APPROVES** the settlement agreement.

### I. Background

This case arises after a dog bit the minor A.K. while he was walking home from football practice. (D.E. 14, p. 1; D.E. 1, p. 11). The dog, which was located in Defendants' fenced backyard, jumped the fence to reach A.K. (D.E. 14, p. 1). A.K. was taken to a local ER and was treated for bites on his upper arm, chest, and upper thigh. *Id.* The dog was "quarantined and ultimately released back to [Defendants] with strict rules as to how it was to be housed in the future." *Id.* Defendants subsequently made an offer to settle the case, which Plaintiff accepted. *See id.* at 2; (D.E. 7, p. 1; D.E. 11, p. 1).

The parties previously filed a notice of settlement informing the Court that the case has settled. (D.E. 7). The parties subsequently filed a motion for appointment of an attorney ad litem to protect the interests of the child A.K. throughout the settlement process. *See* (D.E. 11, p. 1). The

Court granted the motion and appointed Liana E. Gonzales as attorney ad litem for the minor child A.K. (D.E. 13).

On April 10, 2024, Ms. Gonzales filed a report recommending that the Court approve the settlement agreement as it relates to the minor child A.K. *See* (D.E. 14, p. 4). The Court then held a hearing to consider the settlement agreement. *See* April 17, 2024 Minute Entry. At the hearing, the Court heard argument from Ms. Gonzales, counsel for Plaintiffs, and counsel for Defendants, as well as testimony from Plaintiff Christina Kelly. No party opposed approval of the settlement agreement.

## II. Legal Standard

The law of a minor's domicile—which the parties agree is Texas[1]—controls whether an attorney ad litem may settle a claim on a minor's behalf. *Hickson ex rel. Estate of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B, 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020) (Ramirez, Mag. J.), *adopted*, No. 3:18-CV-2747-B, 2020 WL 5096680, at *1 (N.D. Tex. Aug. 27, 2020) (Boyle, J.). "Under Texas law, while a guardian ad litem has authority to enter into settlement negotiations and execute settlement agreements in the best interest of a minor, court approval is required to compromise and settle a minor's claims." *Id.* (internal quotations and citations omitted).

"In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Id.* (internal quotations and citations omitted). "The overarching issue when considering a settlement involving minor plaintiffs . . . is whether the settlement is in the best interests of the minors in light of the particular facts of the case." *Id.* (quoting *Baladez v. Gen.*

---

[1] While A.K. now resides in Ohio, *see* (D.E. 14, p. 2), the parties at the hearing represented that he was domiciled in Texas at the time of the incident, and agree that Texas law controls approval of the settlement.

*Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018) (Frost, Mag. J.) (internal quotations omitted), *adopted*, No. 1:17-CV-194, 2018 WL 6831109, at *1 (N.D. Tex. Dec. 28, 2018) (Cummings, J.)).

### III. Discussion

Ms. Gonzales recommends that the Court approve the settlement agreement. (D.E. 14, p. 4). In preparing her report, Ms. Gonzales visited via Facetime with Plaintiff Christina Kelly, A.K.'s mother, and A.K. (D.E. 14, p. 2). Ms. Gonzales described A.K. as a polite young man in the fifth grade who enjoys playing baseball on a travel team. *Id.* at 2. A.K. told Ms. Gonzales that he no longer thinks of the dog bite often, except if he sees a dog or hears one bark. *Id.* He now has a dog of his own who he loves and cares for. *Id.* at 3. His physical injuries have mostly healed except for a scar located on right arm, which is sensitive to touch. *Id.* Plaintiff Kelly told Ms. Gonzales that A.K. was previously afraid to "go outside or ride his bike" after the incident but is "now quite active with friends and in sports." *Id.*

At the hearing, the parties indicated that the settlement agreement provides Plaintiffs with $50,000. After attorney fees and medical expenses, $25,000 will be payable to A.K. Plaintiff Kelly testified that she discussed annuity options with Ms. Gonzales, and has elected for a college plan annuity, which will provide A.K. with payments of $4,335.05 each semester after he turns eighteen.[2] The total value of the annuity after the payments will be nearly $35,000.

After considering the relevant factors, the unopposed recommendation of the attorney ad litem, and the proffers at the April 17, 2024 hearing, the Court finds that the settlement agreement is in A.K.'s best interest. *See Hickson*, 2020 WL 5087781, at *2–3. The settlement agreement will

---

[2] The Court is pleased to learn that A.K. wants to be a Longhorn.

allow A.K.'s family to pursue treatment options for the remaining scarring, while also providing a structured annuity towards A.K.'s college education after he turns eighteen.

As such, the Court **APPROVES** the settlement agreement. The Court now **ORDERS** the parties to file appropriate dismissal documents **on or before May 15, 2024.**

Should the parties fail to timely file such documents with this Court, the parties are **ORDERED** to appear before the undersigned on **May 22, 2024, at 10:00 a.m.** to explain why they have failed to comply with this Order.[3]

### IV. Conclusion

For these reasons, the Court **APPROVES** the settlement agreement in this case.

SO ORDERED.

                                                                              DAVID S. MORALES
                                                                              UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
       April  23 , 2024

---

[3] Parties may access the hearing, if necessary, via the following link:
https://www.zoomgov.com/j/1615444251?pwd=R3g5ZnBwdVpvVkFCUlBVS211UXZ4QT09
Dial by your location
    +1 669 254 5252 US (San Jose)
    +1 646 828 7666 US (New York)
Meeting ID: 161 544 4251
Password: 020679