Case 2:23-cv-00341   Document 18   Filed on 05/14/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTINA KELLY, INDIVIDUALLY, AND AS NEXT FRIEND OF A.K., A MINOR CHILD | § § § § § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00341 |
| YANCI SABIN AND TRISHA SABIN | § § § | |

## AGREED FINAL JUDGMENT

On the 17th day of April 2024, came to be heard the above-styled and numbered cause, filed by Christina Kelly, Individually, and as Next Friend of A.K., a minor child, ("Minor Plaintiff"), who appeared by and through her attorney of record; Minor Plaintiff appeared by and through Christina Kelly, parent of Minor Plaintiff; and Defendants Yanci Sabin and Trisha Sabin ("Sabin") appeared by and through their attorney of record. Also appeared Liana Gonzales, appointed by this Court as Guardian Ad Litem for the Minor Plaintiff, A.K. The above parties, having waived a jury, announced to the Court that an agreement for settlement of all matters in controversy between the Parties had been reached, subject to the approval of the Court. Evidence was presented to the Court regarding the events giving rise to this cause of action, the details of the settlement, and how the settlement would be administered.

Having reviewed the pleadings, it appears to the Court that Plaintiffs and Sabins desire to compromise and settle their dispute.

It further appears to the Court that the total settlement is in consideration of all Plaintiffs' alleged damages with respect to the claims of Plaintiffs against Defendants, both

1

past and future, and the payment is in recognition of the fact that these alleged damages have, in fact, partially accrued in the past and may continue to accrue in the future.

It further appears to the Court that an agreement for settlement has been reached by Plaintiffs and Defendants, which has been approved by the Court. The terms of their agreements are contained in the Settlement Agreement and Release described for the Court during the hearing and provide for, among other things, payment to Minor Plaintiff A.K., sums specified in the Settlement Agreement and Release in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiffs as a result of a dog bite accident that occurred on or about March 31, 2022 in Nueces County, Texas, involving a dog owned by Defendants (the "ACCIDENT"), including, without limitation, those for personal injury, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, or any other damages or expenses which allegedly resulted or may allegedly result from the ACCIDENT.

It further appears to the Court that, under the terms of the Confidential Settlement Agreement and Release, Plaintiffs are responsible for any and all potential or future tax liabilities and that Plaintiffs, Plaintiffs' attorneys, and the Guardian Ad Litem acknowledge and agree that Defendants and the other released individuals and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, which may in any way be related to the ACCIDENT and/or the Confidential Settlement Agreement

and Release.

It further appears to the Court that the terms of the said Confidential Settlement Agreement and Release provide that the settlement, subject to the approval of the Court, are to be considered a full and final settlement of, and a complete release, discharge, and bar to, all claims, demands, controversies, actions, or causes of action by or on behalf of Plaintiffs, and their heirs, executors, administrators, agents, successors, representatives, assigns, and anyone claiming by or through them against Defendants and any and all of their past, present, and future, agents, servants, attorneys, insurers, experts, consultants, investigators, representatives, and partners.

It further appears to the Court that no part of the Confidential Settlement Agreement and Release is intended to preserve Plaintiff's liability lawsuit.

It further appears to the Court that this release is intended to cover the largest and broadest group of individuals and entities to bring all litigation against Defendants to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, for any and all actual damages, including but not limited to, damages for personal injury, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, property damage or any other damages or expenses, known or unknown, which allegedly resulted or may result from the ACCIDENT, and the injuries or damages sustained by Plaintiffs.

It further appears to the Court that Plaintiffs understand and agree that the Confidential Settlement Agreement and Release may be pled as an absolute and final bar to any and all suits, claims, actions, or causes of action against Defendants released by the Confidential Settlement Agreement and Release; and that all releases that pertain to the liability of the aforementioned parties, persons, and/or entities shall become final, irrevocable, and absolute upon the signing of the Confidential Settlement Agreement and Release.

It further appears to the Court that Plaintiff Christina Kelly is authorized to settle and compromise all claims on behalf of the Minor Plaintiff A.K.

It further appears to the Court that Liana Gonzales, Guardian Ad Litem, having asked for and received a reasonable time to acquaint herself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by the Minor Plaintiff and the terms of the proposed settlement, did, together with Christina Kelly, parent of A.K., announce in open court that in her opinion the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.K. and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff.

It further appears to the Court that Liana Gonazales, Guardian Ad Litem, has acted in the best interest of Minor Plaintiff.

The Court, having read the pleadings in this case and having heard testimony, finds that there is a question as to liability in this case and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, if any, and the Court further finds from

the evidence that such Confidential Settlement Agreement and Release is a compromise and not an admission of liability on the part of Defendants herein, and further, the Court is of the opinion that the Confidential Settlement Agreement and Release is JUST, FAIR, AND EQUITABLE and should be approved, and said Confidential Settlement Agreement and Release is hereby APPROVED.

IT IS ORDERED, ADJUDGED AND DECREED that the settlements are to be considered full and final settlements of, and complete releases, discharges, and bars to, all claims, demands, controversies, actions, or causes of action by or on behalf of the Plaintiffs, their heirs, executors, administrators, agents, successors, representatives, assigns, and anyone claiming by or through them against Defendants and all of their past, present, and future agents, servants, attorneys, insurers, experts, consultants, investigators, representatives, and partners, regardless of whether those individuals and entities are specifically identified in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, and that these releases are intended to cover the largest and broadest group of individuals and entities to bring all litigation to an end, even if such persons or entities are not specifically named in this Agreed Final Judgment and the Confidential Settlement Agreement and Release, for any and all actual damages, including but not limited to, damages for personal injury, mental anguish, emotional distress, pain and suffering of any kind, physical impairment, disfigurement, interference with daily activities, loss of consortium, loss of household services, a reduced capacity to enjoy life, medical and hospital expenses, attorney fees, bystander claims, property damage or any

other damages or expenses, known or unknown, which allegedly resulted or may result from the ACCIDENT, the injuries or damages sustained by Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that after considering the parties' Agreed Final Judgment, and after hearing, the Court GRANTS this Agreed Final Judgment, which summarizes the settlement terms as more fully set forth in the Confidential Settlement Agreement and Release.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Defendants shall make payment in accordance with the terms and conditions of the Confidential Settlement Agreement and Release, the terms of which were described for the Court during the April 17, 2024 hearing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Court costs, expenses, and attorneys' fees relating to this settlement and litigation shall be paid by the party incurring same.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as provided in the Confidential Settlement Agreement and Release and herein, all hospital, doctor, psychiatric, funeral, burial, and/or medical expenses, and any hospital liens and/or Medicaid/Medicare liens and/or subrogation interests incurred by or on behalf of Plaintiffs, including the Minor Plaintiff A.K., to date, based in any way on the ACCIDENT, and the injuries or damages sustained by Plaintiffs have been or will be paid by Plaintiffs out of the proceeds of the settlement and are the sole responsibility of Plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all attorneys' fees, litigation expenses, or other such costs incurred by Plaintiffs, including the

Minor Plaintiff A.K., shall be made from the settlement proceeds as set forth in the Confidential Settlement Agreement and Release and that Defendants and the other released individuals and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Plaintiffs, including the Minor Plaintiff A.K., are responsible for any and all potential or future tax liabilities, if any, and Sabins and the other released individuals and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including the Minor Plaintiff and A.K, which may in any way be related to the ACCIDENT, and the injuries or damages sustained by Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liana Gonzales, Guardian Ad Litem, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation of the nature of the injuries sustained by Minor Plaintiff and the terms of the proposed settlement, did, together with Christina Kelly, announce in open court that it was in his opinion that the offer of settlement was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff, and that the apportionment was JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interests of Minor Plaintiff, and that the distributions for attorneys' fees as are JUST, FAIR REASONABLE, and ACCEPTABLE and in the best interests of Minor Plaintiff, and it is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liana Gonzales, Guardian Ad Litem, has acted in the best interest of the Minor Plaintiff, and the actions of the Guardian Ad Litem are hereby ratified and approved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of the Guardian Ad Litem in the amount of $1,800 be and hereby is taxed against Defendants, and it is ORDERED that such amount be paid to the Guardian Ad Litem within thirty (30) days.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court finds that the settlement is JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.K., and that the apportionment and distribution of the settlement proceeds is JUST, FAIR, REASONABLE, ACCEPTABLE, and in the best interest of Minor Plaintiff A.K.

IT IS ORDERED, ADJUDGED, AND DECREED that the sum of $25,000.00, payable to USAA Annuity Services Corporation and shall be delivered to the applicable licensed structured settlement broker, Chris Harlan, on or before June 16, 2024, in order to fund the purchase of an Internal Revenue Code Section 130(c) qualified structured settlement annuity from USAA Life Insurance Company. Annuity issuer shall then make the future periodic payments to Arthur Kelly, as specified below:

Payee: Arthur Kelly

FOUR THOUSAND THREE HUNDRED THIRTY-FIVE DOLLARS AND 05/100 ($4,335.05) payable semi-annually, guaranteed for 4 years, which is 8 payments, beginning on June 1, 2030, with the last guaranteed payment on December 1, 2033.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the rights to receive the future Periodic Payments described herein cannot be accelerated, deferred, increased or decreased by Plaintiffs or any payee; nor shall the Plaintiffs or any payee have the power to sell, mortgage, pledge, encumber or anticipate the Periodic Payments or any part thereof, by assignment or otherwise. The rights to receive Periodic Payments granted to Minor Plaintiff A.K. may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an Order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, Section 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Further, prior to any sale, transfer, hypothecation, pledge or other alienation, the then-sitting Judge of this Court, must be presented with three (3) quotes from three (3) totally independent companies. A quote is defined as the amount of money that the purchaser is willing to pay the annuitant/payee for the right of the purchaser to receive the specified future Periodic Payments. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payments rights that has not been so approved will be a direct violation of this Agreed Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon approval

of the judgment by the Court, Plaintiffs' claims and causes of action against Defendants in the above-titled and numbered cause are hereby dismissed with prejudice to the refiling of same in any form whatsoever.

The Clerk of Court is **INSTRUCTED** to **CLOSE** this case.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
        May 13th, 2024